IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN A. COMPETIELLO<br><br>**Plaintiff**,<br><br>v.<br><br>ESJ RESORT LLC; CHUBB INSURANCE COMPANY OF PUERTO RICO; TROPICAL LEISURE SERVICES, INC.; COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO; JOHN AND JANE DOES; INSURANCE COMPANIES; A,B,C<br><br>**Defendants** | **Civil No. 24cv1127**<br><br>**Personal Injury; Diversity; Jury Trial Demanded** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, John A. Competiello, by and through the undersigned counsel, respectfully states, alleges, and prays as follow:

**I. JURISDICTION AND VENUE**

**1.** This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C § 1332 as the amount in controversy exceeds $75,000, exclusive of interests and costs, and plaintiffs and the defendants are citizens of different states.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). All events related to the accident and injuries described herein took place within this district.

## II. THE PARTIES

3. At all relevant times herein, Plaintiff, John Competiello, was and still is a citizen of and domiciled in the State of New York with the following address: 200 E 57th St., 18N, New York, NY 10022.

4. Defendant ESJ Resort LLC (hereafter "ESJ") is a legal entity created and existing under the laws of the State of Delaware and authorized by the Department of State of the Commonwealth of Puerto Rico to do business in this District, and has its principal place of business in this District, to wit, ownership, maintenance and operation of the Tropical El San Juan Hotel (hereafter "the hotel") located at Carolina, Puerto Rico.

5. On information and belief Chubb Insurance Company of Puerto Rico ("Chubb") is the insurance company organized and existing under the laws of Puerto Rico and/or other jurisdictions that had issued an insurance policy to cover accidents like the one described in this complaint. At all relevant times herein, Chubb had in full force and effect an insurance policy covering ESJ for the negligent acts and omissions, and the damages suffered by the plaintiff as alleged herein.

**6.** Defendant Tropical Leisure Services, Inc. ("Tropical") is a domestic for-profit corporation organized, existing, and operating under the laws of the Commonwealth of Puerto Rico, and a citizen of Puerto Rico with designated address Condado Plaza Hotel Ave. Ashford, San Juan Puerto Rico 00907 and mailing address at PO Box 79595, Carolina Puerto Rico 00984-9595.

**7.** Defendant Cooperativa de Seguros Multiples de Puerto Rico was and still is an insurance company doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, policies of insurance issued to both Tropical Leisure Services, Inc. and ESJ, covering all risk for injuries and accidents that Plaintiff suffered as a result of their negligence as alleged herein.

**8.** Upon information and belief, John and Jane Doe Defendants are individuals, corporations, and other entities whose names and addresses are unknown to Plaintiffs at this time, and who caused or contributed to the injuries and damages to the Plaintiff, but whose true identity and/or liability have not been ascertained at this time. Further, the fictitiously named Defendants, include, but may not be limited to, those that may have an ownership interest in the subject hotel and/or manage the business and/or hotel and/or had a duty to make the vessel safe and/or keep the hotel safe condition to eliminate dangers

to patrons and guests, such as those causing the injuries herein. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against John and Jane Does. Said John and Jane Does, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

9. Upon information and belief, fictitiously named Defendants, Insurance Companies A, B, and C were and still are insurance companies doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, polices of insurance issued to all Defendants, covering all risk for injuries and accidents that Plaintiff suffered as a result of their negligence.

### III. FACTUAL ALLEGATIONS

10. At all times mentioned, ESJ was in possession and control of the hotel and conducted its business in the hotel premises.

11. At all times mentioned, ESJ was operating the hotel and extended an invitation to the public to come into the hotel for the purpose of doing business with them.

12. ESJ, at all times mentioned, had control of various or all portions of the hotel premises, including the hotel room balconies and terraces.

13. On information and belief, at all relevant times herein, ESJ engaged Tropical to provide maintenance and janitorial services at the hotel, including cleaning, moping, and drying room balconies and terraces.

14. ESJ and Tropical at all times mentioned, and at earlier times, maintained the floors in the premises, and more particularly the room balconies and terraces, which floor is constructed of tile or other substance having a smooth and slippery surface, and which floor when wet was dangerous to the life and limb of persons having occasion to walk on the floor.

15. ESJ and Tropical knew of the dangerous condition of the room balconies and terraces when wet and knew that the substance of which the floor was constructed was inherently dangerous when wet.

16. At all times mentioned herein, Plaintiff was paying guests in the hotel staying in room 217, which is a poolside room with its own patio and open terrace. He had travelled to Puerto Rico to enjoy a vacation which was ruined by a slip-and-fall accident his room terrace.

17. The last week of October 2023 was a particularly rainy week. On October 27, 2023, there were torrential downpours for

most of the afternoon into the evening to the point ESJ and/or Tropical had to place sand bags and towels on the front room door to keep the water out of coming into the room.

18. On information and belief, several guests suffered slip-and-fall accidents during that week.

19. On October 28, 2023, plaintiff and his wife were enjoying the pool next to their room. It rained for a few minutes and they continued to enjoy their day.

20. At some point, plaintiff returned to his room to use the bathroom and headed to his room terrace to enter through the patio door which was next to the pool. As soon as plaintiff set foot on the terrace, his right leg slipped on the room terrace tiles and he fell doing a split thereby breaking his left femur.

21. His left leg was in an odd position, and he was in extreme pain. He pushed his leg down alongside his right leg and started screaming in agonizing pain.

22. Plaintiff was transferred to the hospital Federico Trilla in Carolina by ambulance where he was administered morphine for the pain. Even with morphine the pain was extreme.

23. Surgery was performed on October 30, 2023 and I was released from the hospital on November 2, 2023, returning to the El San Juan hotel until November 6, 2023.

24. Upon his return to New York, plaintiff continued to receive post-surgery medical treatment and physical therapy.

**25.** As a direct and proximate result of the injuries sustained at the hotel, plaintiff has and will continue to be in constant pain.

**26.** As a direct and proximate result of the injuries sustained at the hotel, plaintiff has been and will continue to be subject to medical examinations and treatment.

**27.** As a direct and proximate result of the injuries sustained at the hotel, Plaintiff has experienced discomfort and difficulty chewing and eating.

**28.** As a direct and proximate result of the injuries sustained at the hotel, Plaintiff has suffered long term injuries.

**29.** There were no signs or warnings to guests advising that the slippery floor created dangerous condition that could alert Plaintiff or other guests of such condition.

**30.** These occurrences and injuries occurred solely as a proximate result of Defendants' negligence, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

**31.** Defendants, at the time of the accident mentioned, negligently and carelessly permitted the room terrace floor, to become and remain in a slippery, negligent, defective, and

dangerous condition, failed to place warning signs, and Defendants had actual and constructive notice of the dangerous condition of the floor.

32. The negligence of Defendants, in addition to that hereinabove alleged, consisted of:

   a. Failure to warn of the dangerous condition on the premises;
   b. Failure to eliminate the dangerous conditions on the premises;
   c. Among other negligent acts, omissions, and breaches of duties which will be proved at trial.

33. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced physical impairment, disfigurement, mental anguish, and pain and suffering in the past. Plaintiff will continue to experience physical impairment, disfigurement, mental anguish, and pain and suffering in the future.

34. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses in the past and, in reasonable medical probability, will incur additional medical expenses in the future.

### Count I: Negligence

35. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

36. Defendants have a non-delegable duty to maintain the hotel premises is a safe condition.

37. Upon information and belief, the dangerous condition of the shower and bathroom floor was known by Defendants.

38. The room terrace floor on the premises where Plaintiff fell posed a serious hazard to her and other guests in that it was slippery.

39. Defendants have a duty to protect patrons against the risk of dangerous conditions existing on the premises.

40. At all relevant times herein, Defendants knew of, or by exercise of reasonable care should have discovered the dangerous condition that caused Plaintiff's injuries.

41. Plaintiff had no pre-existing conditions which could have been aggravated by the accident described herein.

42. As a direct and proximate result of said negligence of Defendants, the plaintiff was injured in his health, strength, and activity, sustaining injury to his leg and hip, all of which said injuries have caused and continue to cause the plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in long term pain and disability to the plaintiff, to his general damage in the sum of $500,000.00.

**Count II: Joint and/or Vicarious Liability of ESJ**

**43.** All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

**44.** At all relevant times herein, ESJ knew of, or by exercise of reasonable care should have discovered, the dangerous condition that caused Plaintiff's injuries and failed to address the foreseeable risks described herein.

**45.** ESJ is jointly and/or vicariously liable for the negligent harm caused by Tropical in the performance of the work as Plaintiff's harm was a risk foreseeable by ESJ.

**46.** Operating and maintaining premises of high transit, such as a hotel, are inherently dangerous and poses a special and peculiar risk (wet floors in high transit areas) such that ESJ should have known that particularized precautions are required to safeguard patrons from its contractors.

**47.** At all relevant times, ESJ failed to demand Tropical to take special safety measures that are necessary to avoid slip-and-falls of patrons on wet surfaces and failed to exercise due diligence to take such measures itself.

**48.** At all relevant times, ESJ failed to adequately monitor Tropical's performance pursuant to the terms and conditions of their contract.

**49.** Tropical's lack of care was foreseeable to ESJ.

**50.** ESJ failed to exercise due diligence in ensuring that Tropical had sufficient skill and experience to carry out the hotel's cleaning and maintenance work.

**51.** ESJ failed to inform Tropical about the above-described dangerous conditions at the hotel bathrooms where Plaintiff suffered his injuries.

**52.** Tropical's negligence is fairly and directly attributable to the contracted-for work. Tropical's negligence arises out of the operation and maintenance work itself and ESJ failed to take particular precautions to eliminate the risk that directly and proximately caused Plaintiffs' injuries.

**53.** Upon information and belief, the operation and maintenance of the hotel and the area where the accident took place were performed according to ESJ's insufficient and deficient plans and instructions.

**54.** At all relevant times, ESJ knew the precise nature of the work performed by Tropical and that the premises would present dangers and risk to patrons.

**55.** ESJ should have foreseen that the work done by Tropical posed a potential danger to patrons in the premises where Plaintiff suffered her injuries.

**56.** ESJ is therefore jointly and/or vicariously liable for the negligent acts of Tropical.

## JURY TRIAL DEMANDED

**57.** Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff demands that judgment in the amount of $500,000.00 be entered against defendants for all damages claimed herein, plus interest, costs, attorneys' fees, and any other remedy to which she may be entitled under law or equity.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, on March 13, 2024.

**Castañer & Baella LLC**
MAI Center
Marginal Kennedy
771 Calle 1, Ste 204
San Juan PR 00920
Fax 1 888 227 5728
Tel 787 707 0802

s/ Alberto J. Castañer-Padró
Alberto J. Castañer-Padró
USDC 225706
alberto@castanerlaw.com

s/ Rafael O. Baella-Ors
Rafael O. Baella-Ors
USDC 219504
rbaella@castanerlaw.com